PALMER, J.
Francis Bowling (defendant) appeals the summary denial of his rule 3.850 motion for postconviction relief. See Fla. R.Crim. P. 3.850. We reverse.
Pursuant to a plea agreement, defendant was convicted of committing the offenses of aggravated assault with a deadly weapon and aggravated domestic violence battery. He was sentenced to concurrent terms of five years imprisonment as a youthful offender, with the stipulation that he be permitted to enter the basic training boot camp program. For various reasons, defendant was found ineligible to participate in the boot camp program and, as a result, he sought rule 3.850 relief. Specifically, the defendant claimed that his judgments and sentences should be set aside because the boot camp program was an inherent part of his plea agreement. The trial court entered an order denying the defendant’s claim for relief stating that the court had complied with the terms of the plea agreement by recommending that the defendant attend boot camp and therefore subsequent conditions which made defendant ineligible for boot camp did not constitute grounds for postconviction relief. No documents were attached to the trial court’s order.
The State properly concedes that the trial court’s order denying defendant’s motion for postconviction relief is improper because the trial court failed to attach documents conclusively refuting defendant’s claim that he was promised the boot camp program as a condition of his plea. However, the State maintains that the order should be affirmed on a procedural ground not addressed by the trial court: the untimely filing of defendant’s rule 3.850 motion.
*384 The instant record indicates that the defendant was adjudicated guilty and sentenced on October 12, 2000, and no direct appeal was taken therefrom. The defendant’s rule 3.850 motion was signed by defendant on June 22, 2003, and filed in the trial court on June 25, 2003, a date more than two years after the judgment and sentence became final. On this record it appears that the motion may not have been timely filed.
Accordingly, we reverse the trial court’s order denying defendant’s claim for post-conviction relief and remand the case to the trial court to determine whether defendant’s motion was timely filed and, if so, then to either attach the appropriate portions of the record that conclusively refute defendant’s claim of involuntary plea or conduct an evidentiary hearing on the matter.
REVERSED and REMANDED.
PETERSON and ORFINGER, JJ„ concur.